Battle, J.
 

 The declaration in this case was served upon the tenant in possession, on the fifth day of March, 1851, which was also the day on which the demise was laid. It had been placed in the hands of the sheriff, a short time before and prior to the time when the defendant’s agent entered, with directions to serve it upon him as soon as he should enter upon and take possession of the premises in dispute. The defendant’s counsel insist that the action was commenced too soon — before he had any cause for it. In making this objection he does not advert to the difference between the manner of commencing a suit in ejectment and in the other forms of action. The commencement of an action of ejectment is by the service of the declaration upon the tenant in possession, while in the other forms of action, it is the taking out the wn-it from the proper oifice, or its being filled up by the plaintiff’s attorney.
 
 Haughton
 
 v. Leary, 3 Dev. and Bat. Rep. 21. But if there were any irregularity in this respect, the defendant precluded herself from taking any advantage of it, by coming forward and procuring herself to be made a party defendant upon entering into the common rule, to confess lease, entry and ouster.
 
 Fuller
 
 v.
 
 Wadsworth,
 
 2 Ire. Rep. 263.
 

 The remaining objection is directly opposed by the recent case of
 
 Johnson
 
 v.
 
 Swain,
 
 Bus. Rep. 335. The defendant’s agent was undoubtedly in possession when the suit was commenced, and she was then upon her affidavit, admitted to de
 
 *414
 
 fend as landlord. If the lessor afterwards took possession of the premises, that fact onglit to have been alleged by a plea since the last continuance, and that not being done, she cannot avail herself of it upon the plea of not guilty.
 

 Pee Curiam. The judgment is affirmed.